James M. Nelson (SBN 116442)
Michelle L. DuCharme (SBN 285572)
Alicia R. Intriago (SBN 320120)
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, California 95814
Telephone: 916.442.1111
Facsimile: 916.448.1709
nelsonj@gtlaw.com
ducharmem@gtlaw.com
intriagoa@gtlaw.com

Attorneys for Defendant
WEST MARINE PRODUCTS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANNE ADAMS, individually and on behalf of others similarly situated, and as a private attorney general,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WEST MARINE PRODUCTS, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL**<br><br>Removed from the Superior Court of the State of California Case No. 19CIV00436<br><br>Removal Filed:  February 25, 2019<br>State Court Action Filed:  January 22, 2019 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant West Marine Products, Inc. ("Defendant") removes the above-captioned action, *Adams v. West Marine Products, Inc., and DOES 1-50,* Case No. 19CIV00436 (the "action"), from the Superior Court of the State of California, County of San Mateo, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332(a), 1332(d), and 1446(b) on the grounds articulated below. Defendant hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).[1]

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). In relevant part, CAFA grants District Courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, where the putative class size exceeds 100 persons, and where the amount placed in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## VENUE

2. The action was filed in the Superior Court of the State of California for the County of San Mateo. Venue on removal therefore properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1391(a), and 1441(a).

## COMPLIANCE WITH STATUTORY REQUIREMENTS

3. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all pleadings, process, and orders in the state court file are attached hereto as Exhibits A and B. For ease of reference, these

---

[1] A notice of removal "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547. 551 (2014); *see also Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.'"). Rather, as the Supreme Court has clarified, "if the plaintiff contests the defendant's allegation . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee,* 135 S. Ct. at 553-554. Should Plaintiff properly submit a supplemental motion to remand, Defendant would then respond with evidence.

documents consist respectively of: Plaintiff's Complaint (Exhibit A) and the remainder of the state court file (Exhibit B).

## SERVICE ON THE STATE COURT

4. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record and a copy of the Notice of Removal will be filed with the Clerk of the San Mateo County Superior Court.

## PLEADINGS, PROCESS AND ORDERS

5. On or about January 22, 2019, Plaintiff, on behalf of herself and others similarly situated, filed a Complaint in the Superior Court for the County of San Mateo, captioned *Adams v. West Marine Products, Inc., and DOES 1-50,* Case No. 19CIV00436 ("Complaint"). A true and correct copy of the Summons and Complaint filed in Los Angeles County Superior Court is attached hereto as Exhibit A.

6. According to the Complaint, Plaintiff and the members of the putative classes she purports to represent are (or were) employees of the Defendant in California. (Complaint ¶¶ 3, 5.)

## TIMELINESS OF THE REMOVAL

7. This removal is timely. As the Ninth Circuit Court of Appeals has held and clarified, CAFA removal is timely at any time so long as (1) the face of the complaint does not plainly allege all elements needed for traditional diversity (including the amount in controversy), and (2) plaintiff has not served some other "paper" which concedes all elements needed for traditional diversity. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125-26 (9th Cir. 2013) (a removing defendant may remove "on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines" set forth in 28 U.S.C. § 1446(b)(1) and (b)(3), and "a defendant's subjective knowledge cannot convert a non-removable action into a removable one such that the thirty-day time limit of § 1446(b)(1) or (b)(3) begins to run against the defendant"); *see also Rea v. Michaels Stores Inc.,* 742 F.3d 1234, 1238 (9th Cir. 2014) (reaffirming *Roth*'s holding "that the two 30–day periods are not the exclusive periods for removal"). In other words, as long as the complaint or "an amended pleading, motion, order or other paper" does not reveal that the case is removable, the 30–day time period never starts to run and the defendant may remove at any time."); *Taylor v. Cox Commc'ns California, LLC,* No. 16-56661, 2016 WL 7422717, at *1 (9th Cir.

Dec. 23, 2016) ("We also hold that Defendants' second Notice of Removal was timely. 'A CAFA case may be removed [by a defendant] at any time, provided that neither of the two thirty-day periods under § 1446(b)(1) and (b)(3) has been triggered.'").

8. Here, the face of the Complaint does not plainly allege all elements needed for removal, and Plaintiff has not served some other "paper" which concedes all elements needed for removal. For example, no amount in controversy is, or has been, stated in any paper received from Plaintiff. This removal is therefore timely.

## ORIGINAL JURISDICTION PURSUANT TO CAFA

9. This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a). Specifically, this is a putative civil class action wherein: (1) the proposed class contains at least 100 members; (2) no Defendant is a state, state official or other governmental entity; (3) the total amount in controversy for all class members exceeds $5 million; and, (4) there is diversity between at least one putative class member and one Defendant. Therefore, CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.

### The Proposed Class Contains At Least 100 Members

10. A review of Plaintiff's proposed class evidences that it contains at least 100 members. Plaintiff brings this action "on her own behalf and on behalf of all other members of the general public similarly situated," specifically "[a]ll current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class." (Complaint ¶¶ 12-13.) She alleges that Defendant engaged in a "uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees," "requiring them to work off the clock without compensation" or "to take their meal periods and rest periods in violation of California law." (Complaint ¶ 22.)

11. Substantially in excess of 100 persons were employed by Defendant in California as non-exempt employees within the four years of the filing of this action. As such, the putative class exceeds 100 persons. Moreover, the Complaint alleges more than 300 individuals qualify for class membership. (Complaint ¶ 15(a).)

///

**Defendant is Not a Governmental Entity**

12. Defendant is not a state, state official, or other governmental entity.

**Minimum Diversity Exists**

13. CAFA's diversity requirement is satisfied when at least one putative class member is a citizen of a state of which a defendant is not a citizen. 28 U.S.C. §§ 1332(d)(2), 1453.

14. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *The Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). A corporation's principal place of business will typically be where the corporation maintains its headquarters. *Id*.

15. Defendant is a corporation incorporated under the laws of the State of California, and has its corporate headquarters in Watsonville California, where its officers reside and direct, control, and coordinate the corporation's activities, in the State of California. Thus, Defendant is a citizen of the State of California, where it is incorporated and has its principal place of business.

16. For CAFA removal, "[c]itizenship of the members of the proposed plaintiff classes shall be determined … as of the date of filing of the complaint or amended complaint, or, if the case stated by the initial pleading is not subject to Federal jurisdiction, as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction." 28 U.S.C. § 1332(d)(7).

20. At the time of the filing of the Complaint, one or more members of the putative class were and are citizens of a state other than California (the only state of citizenship of Defendant).

21. By way of example, Hector Rivera, a sales associate, transferred from California to Massachusetts in January of 2015. He is, therefore, a putative class member within Plaintiff's putative class definition. Prior to the date of the filing of the Complaint, and at all times thereafter, Hector Rivera has been a citizen of the State of Massachusetts, and not of California, as demonstrated by, among other things, the fact that prior to the date of the filing of the Complaint and at all times thereafter: Hector Rivera has been and is domiciled in Massachusetts; has been employed in Massachusetts; has intended to be and

remain a resident of, and a citizen of, the State of Massachusetts; has had no plans to reside in, let alone became a citizen of, the State of California; and has regarded himself to be a citizen of the State of Massachusetts, and not of the State of California. Mr. Rivera is not unique and a number of other class members now reside outside of California; however, for CAFA purposes one is sufficient.

22. Because one or more putative class members is a citizen of a state other than California, and Defendant is a citizen of California only, at least one putative class member is diverse from a defendant and CAFA's minimal diversity requirement is met.

### The Amount Placed in Controversy on the Putative Class Claims Exceeds $5,000,000

23. This jurisdictional element concerns "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corporation*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (quoting *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)). "In measuring the amount in controversy, 'a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Korn*, 536 F. Supp. 2d at 1205 (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2nd 993, 1001 (C.D. Cal. 2002). It includes potential general and special damages, and penalties, as well as attorney's fees if recoverable by statute or contract. *E.g., Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-450 (S.D. Cal. 1995); *Miller v. Michigan Millers Ins. Co.*, No. C-96-4480 MHP, 1997 WL 136242, at *4-5 (N.D. Cal. Mar. 12, 1997); 28 U.S.C. §§ 1332(d)-(e), 1453, 1711-1715.[2]

24. In calculating the amount placed in controversy, defenses that a defendant may assert – such as a statute of limitation – are not considered. *Riggins v. Riggins*, 415 F.2d 1259, 1262 (9th Cir. 1969) ("[T]he possibility of such a defense being valid does not affect the jurisdiction of the district court to hear and determine the controversy"); *Hernandez v. Towne Park, Ltd.*, No. CV 12-02972 MMM (JCGx), 2012 WL 2373372, *10 (C.D. Cal., June 22, 2012) ("the fact that [defendant] may assert a limitations defense does not limit the relief sought in the complaint"); *Lara v. Trimac Transp. Services (Western) Inc.*, No. CV

---

[2] Defendant denies that it has any liability to Plaintiff or to the putative classes that she seeks to represent, and denies that Plaintiff or the putative class members are entitled to recover any of the relief requested in the Complaint. Defendant in no way concedes by this removal that Plaintiff's claims and alleged putative classes may be certified for class treatment pursuant to Fed. R. Civ. P. 23.

10-4280-GHK (JCx), 2010 WL 3119366, *3 (C.D. Cal., August 6, 2010) ("affirmative defenses …may not be invoked to demonstrate that the amount in controversy is actually less than the jurisdictional limits.").

25. Though Defendant concedes no liability on Plaintiff's claims, assuming that all of Plaintiff's allegations are true and that Plaintiff will gain a full recovery on them, Plaintiff's putative class claims place in controversy a sum greater than $5,000,000.

26. The FAC seeks to allege ten causes of action for: (1) Failure to Pay Overtime Wages in violation of California Labor Code §§ 510 and 1198; (2) Failure to Provide Meal Periods in violation of California Labor Code §§ 226.7 and 512(a); (3) Failure to Authorize and Permit Rest Periods in violation of California Labor Code § 226.7; (4) Failure to Pay Minimum Wages in violation of California Labor Code § 1197; (5) Failure to Pay Timely Wages and Waiting Time Penalties under California Labor Code §§ 201, 202, and 203; (6) Failure to pay timely wages during employment in violation of California Labor Code § 204; (7) Inaccurate Wage Statements under California Labor Code § 226(a); (7) Failure to Maintain Required Records under California Labor Code § 226; (8) Failure to maintain accurate payroll records in violation of California Labor Code § 1174(d); and (9) Violations of California Business and Professions Code §§ 17200, *et. seq.* Plaintiff pursues Counts 1 through 9 on behalf of the putative class.[3]

27. Plaintiff alleges, among other things, that Defendant employed a "uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees," "requiring them to work off the clock without compensation" or "to take their meal periods and rest periods in violation of California law." (Complaint ¶ 22.) Plaintiff alleges that these various violations of the California Labor Code have caused Plaintiff and the Class to suffer injury and damage. (*See, e.g.*, Complaint ¶¶ 72, 89, 91, 96.)

28. Plaintiff alleges that her claims "are typical of all other Class Members" (Complaint ¶ 15(b)) and seeks, among other things, compensatory damages, restitution, liquidated damages, and injunctive relief. (*Id., e.g.*, ¶¶ 28, 48, 51, 71-72, 91-92.)

29. <u>Waiting Time Penalties per Labor Code Section 203</u>.  Plaintiff alleges that she "and other Class Members who are no longer employed by Defendants are entitled to recover from Defendants the

---

[3] Plaintiff also seek to allege a Count 10 for violations of the Private Attorney General Act ("PAGA") California Labor Code §§ 2699, *et seq.* it is not clear whether Plaintiff pursues this claim on a class basis.

statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203" (Complaint ¶ 77) such that each is entitled to 30 days wages as a waiting time penalty pursuant to Labor Code section 203. From the period of January 22, 2015 to January 22, 2019, the employment of 123 members of the putative class (non-exempt California employees) with Defendant was terminated (either by discharge or resignation). The average daily wage of such persons was $79.68/day. As such, this claim places in controversy $ 294,019.20 (123 persons x $79.68/day x 30 days).

30. <u>Inaccurate Wage Statements</u>. Plaintiff does not state an actual amount in controversy. Relying again on the Plaintiff's allegation that all putative class members were subjected to a "uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees," Plaintiff alleges that putative class members were regularly denied rest and meal periods and state that the Class seeks the "greater of their actual damages . . . or an aggregate penalty not exceeding four thousand dollars per employee." (Complaint ¶¶ 22, 91.) Based on this, some conservative assumptions can be applied. If "regular" is defined as twice a week for each employee, that would mean 4 hours pay (2 meal period violations and 2 rest period violations) per class member per week. At an average hourly rate of $14.36 x 4 that would equate to $ 114,535 if multiplied by the size of the entire putative class (1,994 members). Such violations, if proven would also derivatively suggest that the claim for defective pay day statements would equate to $ 4,685,900, 1 violation @ $50 and 23 violations (assuming a semi-monthly pay frequency) at $100 for all class members for an entire year of inaccurate wage statements.

31. As such, the amount placed in controversy on these claims exceed $ 5,094,454.20 ($294,019.20 plus $ 114,535 plus $ 4,687,900). That is before considering the other claims and attorney's fees.

32. <u>Still Other Unquantified Claims for Monetary Relief</u>. In addition, Plaintiff also pursues claims for failure to pay minimum wage, failure to pay overtime, failure to pay timely wages during employment, failure to maintain required records, failure to maintain accurate payroll records, and violation of California Business and Professions Code §§ 17200, *et. seq.*

33. <u>Attorney Fees through the Life of the Litigation</u>. Further still, Plaintiff seeks class wide recovery of statutory attorney fees. The amount in controversy includes all reasonable attorney fees not

merely through the date of removal but also through resolution of the action. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) ("Plaintiff insists that attorneys' fees are limited to those accrued at time of removal, maintaining that additional fees are too speculative. Plaintiff is mistaken. [In *Galt*] [t]he Ninth Circuit clearly … anticipated that district courts would project fees beyond removal."); *Ponce v. Med. Eyeglass Ctr., Inc.,* No. 2:15-cv-04035-CAS (JEMx), 2015 WL 4554336, at *3 (C.D. Cal. July 27, 2015) (adopting *Simmons* reasoning and holding that "the Court agrees with defendant that a conservative estimate of attorneys' fees likely to be incurred through the conclusion of this case properly factors into the amount in controversy determination"); *Sasso v. Noble Utah Long Beach, LLC,* No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015) (holding attorneys' fees through trial are properly included in amount in controversy consideration; "post-removal attorneys' fees … are part of the 'total amount at stake'"); *Sawyer v. Retail Data, LLC,* No. SACV 15-0184 JVS (RNBx), 2015 WL 3929695, at *3 (C.D. Cal. Apr. 29, 2015) (same).[4] Obviously, these additional forms of relief increase the amount in controversy beyond the amounts set forth above (which also do not include the value of prospective injunctive relief).

34.  Based on past experience, the pendency of this action, the scope of the action and the issues raised by the pleading, we reasonably estimate that Plaintiff counsel will seek to recover hundreds of thousands of dollars in fees in this action, and perhaps even millions. *See e.g.*, *Garnett v. ADT LLC,* 74 F. Supp. 3d 1332, 1338 (E.D. Cal. 2015) (in determining whether amount in controversy exceeded 5 million for purposes of CAFA removal the court found that that attorneys' fees estimation of 25 percent "is a

---

[4] *See also Pulera v. F&B, Inc.*, No. 2:08-cv-00275-MCE-DAD, 2008 WL 3863489, at *4 (E.D. Cal. 2008) ("While the amount in controversy is determined at the time an action commences, where attorney's fees are recoverable by statute, this determination includes a reasonable estimate of the attorney's fees likely to be incurred."); *Brady v. Mercedes-Benz*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002), ("[w]here the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.") (emphasis added); *Tompkins v. Basic Research LLC*, No. S-08-244 LKK/DAD, 2008 WL 1808316, at *4 (E.D. Cal. 2008) (the "amount in controversy includes a reasonable estimate of attorneys' fees likely to be incurred"); *Celestino v. Renal Advantage Inc.*, No. C 06-07788 JSW, 2007 WL 1223699, at *4 (N.D. Cal. 2007) ("the amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal").

reasonable one"; "this equates to a fee of approximately $1,016,200. The total amount in controversy thus exceeds $5 million.").

35. Plainly, the amount placed "in controversy" on these putative class claims exceeds $5,000,000.

**NO ADMISSION**

36. Defendant expressly admits of no liability to Plaintiff or to the putative classes she seeks to represent, does not admit that Plaintiff is an adequate class representative for the classes that she seeks to represent, and does not admit that Plaintiff or the putative class members are entitled to recover the damages, penalties, and other relief requested in the Complaint. Defendant also in no way admits that the instant action satisfies the requirements for class certification. However, this action meets all of CAFA's requirements for removal, and this removal pleading is both timely and proper.

37. WHEREFORE, the action is hereby removed to this Court from the Superior Court of the State of California, County of San Mateo.

Respectfully submitted,

DATED: February 25, 2019  GREENBERG TRAURIG, LLP


By /s/ James M. Nelson
James M. Nelson
Michelle L. DuCharme
Alicia R. Intriago
Attorneys for Defendant
WEST MARINE PRODUCTS, INC.