HEATHER DAVIS, SBN 239372
heather@protectionlawgroup.com
AMIR NAYEBDADASH, SBN 232204
amir@protectionlawgroup.com
**PROTECTION LAW GROUP, LLP**
136 Main Street, Suite A
El Segundo, California 90245
Telephone: (424) 290-3095
Facsimile: (866) 264-7880

Attorneys for Plaintiff
ADRIANNE ADAMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANNE ADAMS, individually and on behalf of others similarly situated, and as a private attorney general,<br><br>Plaintiff,<br><br>vs.<br><br>WEST MARINE PRODUCTS, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:19-cv-01037-VC (EDL)<br><br>*Assigned for all purposes to the Hon. Vince Chhabria, Courtroom 4*<br><br>**PLAINTIFF'S RENEWED MOTION TO REMAND**<br><br>[On Removal from the Superior Court of the State of California for the County of San Mateo, Case No. 19CIV00436]<br><br>Hearing Date:   September 12, 2019<br>Hearing Time:   10:00 a.m.<br>Courtroom:    4, 17th Floor<br><br>Complaint Filed:   January 22, 2019<br>Action Removed:   February 25, 2019<br>Jury Trial Date:   None Set |

# **Table of Contents**

I.  **PLAINTIFF'S CLASS ACTION ON BEHALF OF NON-EXEMPT EMPLOYEES OF DEFENDANT WITHIN THE STATE OF CALIFORNIA AGAINST DEFENDANT FOR CALIFORNIA LABOR CODE VIOLATIONS SATISFIES BOTH THE "LOCAL CONTROVERSY" AND "HOME STATE" EXCEPTIONS TO CAFA** ......... 2

II.  **RELEVANT FACTS AFTER PLAINTIFF'S INITIAL BRIEFING FOR HER MOTION TO REMAND** ................................................................................. 4

III. **ARGUMENT** .................................................................................................. 5

      i.  *More Than Two-Thirds of the Putative Class Members are California Citizens.* ... 7

      1.  *Pursuant to Defendant's Verified Class List, Over 94% of the Putative Class Members' Last Known Address is in California.* .................................................. 8

      2.  *Based on the Entire Record Before this Court, Over 90% of Class Members Reside in California.* ......................................................................................... 9

      3.  *Over 95% of the Putative Class Members Withheld California Income Taxes from Their Wages Earned.* ........................................................................................ 11

      ii.  *Defendant is a California Citizen from Whom Relief is Being Sought for Its Violations of California Labor Code.* ................................................................... 12

      iii. *During the 3-Year Period Preceding the Filing of Plaintiff's Complaint, No Other Class Actions Has Been Filed Asserting the Same or Similar Factual Allegations Against Defendant West Marine on Behalf of Plaintiff or Other Persons.* ........... 13

    **B. The Home State Exception Applies.** ......................................................... 13

IV. **CONCLUSION** ............................................................................................... 13

## Cases

*Acridge v. Evangelical Lutheran Good Samaritan Soc.,* 334 F.3d 444 (5th Cir. 2003) ............ 11

*Allen v. Boeing Co.,* 821 F.3d 1111 (9th Cir. 2016) ....................................................... 5

*Altimore v. Mt. Mercy College,* 420 F.3d 763 (8th Cir. 2005).................................................... 11

*Anderson v. Watts,* 138 U.S. 694 (1891)........................................................................... 7

*Benko v. Quality Loan Serv. Corp.,* 789 F.3d 1111 (9th Cir. 2015) ........................................ 6, 13

*Bey v. SolarWorld Indus. Am., Inc.,* 904 F. Supp.2d 1096 (D. Or. 2012)..................................... 11

*Garcia v. Task Ventures, LLC,* 2016 WL 7093915, (S.D. Cal. Dec. 6, 2016)............................... 7

*Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564 (5th Cir. 2011)........................................... 7

*Kaufman v. Allstate New Jersey Ins. Co.,* 561 F.3d 144 (3rd Cir. 2009)................................... 5

*Lew v. Moss,* 797 F.2d 747 (9th Cir. 1986)........................................................................ 8

*Middleton v. Stephenson,* 749 F.3d 1197 (10th Cir. 2014) ................................................. 11

*Mondragon v. Capital One Auto Finance,* 736 F.3d 880 (9th Cic. 2013) ........................... passim

*NEWGEN, LLC v. Safe Cig, LLC,* 840 F. 3d 606 (9th Cir. 2016) ................................................ 6

*Preston v. Tenent Healthsystem Mem'l Ctr., Inc.,* 485 F.3d 793 (5th Cir. 2007)......................... 7

*Serrano v. 180 Connect, Inc.,* 478 F.3d 1018 (9th Cir. 2007) ................................................ 5

*Serrano v. Bay Bread LLC,* 2014 WL 4463843, (N.D. Cal. Sept. 10, 2014) .......................... 7, 10

*Walker v. Apple, Inc.,* 2015 WL 12699871 (S.D. Cal. Sept. 17, 2015) ....................................... 7

*Washington v. Hovensa LLC,* 652 F.3d 340 (3rd Cir. 2011) ...................................................... 11

## Rules

28 U.S.C. § 1332(d)(4)(A)................................................................................................. 6

28 U.S.C. § 1332(d)(4)(B) ............................................................................................... 13

28 USC § 1332(d)(3) ........................................................................................................ 3

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **PLAINTIFF'S CLASS ACTION ON BEHALF OF NON-EXEMPT EMPLOYEES OF DEFENDANT WITHIN THE STATE OF CALIFORNIA AGAINST DEFENDANT FOR CALIFORNIA LABOR CODE VIOLATIONS SATISFIES BOTH THE "LOCAL CONTROVERSY" AND "HOME STATE" EXCEPTIONS TO CAFA**

This case is a California class action against Defendant WEST MARINE PRODUCTS, INC.'s ("Defendant") for California Labor Code violations and unfair business practices stemming from Defendant's failure to pay overtime compensation, failure to provide meal periods, failure to authorize and permit rest periods, failure to pay minimum wage, failure to timely pay wages, failure to provide accurate wage statements, failure to maintain accurate payroll records, and failure to reimburse business expenses to its California non-exempt employees. The class definition is limited to "[a]ll current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class". (Dkt. 1-2, Complaint, ¶13.)  Named Plaintiff ADRIANNE ADAMS ("Plaintiff") is a California citizen.  The Defendant is a corporation organized and existing under the laws of the State of California and registered to do business in the state of California.  This case does not extend beyond California's labor codes and business practices.

Despite this, Defendant has removed this action from state court asserting diversity jurisdiction under the Class Action Fairness Act ("CAFA").  In its Opposition to Plaintiff's Motion to Remand, Defendant provides a total of two declarations of 1,810 putative class members having moved outside the state (the class list provided by Defendant contained 1,813 names but three of those entries were duplicative individuals thereby leaving 1,810 putative class members).  However, as of February 25, 2019, Defendant's own verified class list confirms 1,714 class members have a California mailing address and based on the entire record before this Court at least 1,639 class members resided in California.  This case belongs in state court because it satisfies the "local controversy" and "home state" exceptions to CAFA.

For cases removed from state court, a federal court *cannot* exercise jurisdiction over a "minimal diversity" class action if either two-thirds or more of the class members (aggregating all proposed plaintiff classes) and the primary defendants are citizens of the state in which the action was originally filed. 28 USC § 1332(d)(4). A federal court may also "in the interests of justice" decline to exercise jurisdiction in cases removed from state court where *more than one-third* (but less than two-thirds) of the class members and the *primary defendants* are citizens of the state in which the action was originally filed. 28 USC § 1332(d)(3).

The vast majority of this Circuit's district courts have relied not on mere allegations but *on the evidence of class members' residence in the forum state* as well as the entire record to determine domicile and citizenship. Following permitted jurisdictional discovery, as explained below, Plaintiff contends that based on the entire record *greater* than two-thirds of the class members are citizens of California and therefore satisfy both the "local controversy" and "home state" exceptions to CAFA. For Defendant to rebut this presumption of continuing domicile establishing California citizenship, Defendant would need to provide sufficient evidence to show more than one-third of the putative class members are <u>not</u> CA citizens. This Defendant cannot do.

The Parties have engaged in extensive efforts to determine whether any payroll, scheduling, time, pay or any other records maintained by Defendant would provide information as to the residence of the putative class members. Through this discovery, Defendant has affirmed this information would either: (1) be irrelevant to the issue before this Court or (2) too burdensome for Defendant to produce in discovery. Although Plaintiff believes that Defendant does not have within its possession **any** evidence that negates the presumption of the class members' residence, Defendant has confirmed that to even attempt to discover such evidence, if it exists, would be too burdensome and not prove anything about the putative class members' residences.

For the reasons discussed below, Plaintiff respectfully requests that this Court remand this case to the San Mateo County Superior Court where it was filed.

/ / /

## II.   RELEVANT FACTS AFTER PLAINTIFF'S INITIAL BRIEFING FOR HER MOTION TO REMAND

On May 1, 2019, following the Parties' initial briefing, this Court granted Plaintiff an opportunity to renew her motion and take jurisdictional discovery to prove whether the home state controversy exception to CAFA applied.  (Dkt. No. 28).  Plaintiff immediately undertook efforts for obtaining information relating to the following general categories:

- Putative class members' telephone numbers and addresses as of February 25, 2019--the date of removal;

- Putative class members' work schedules within California as of February 25, 2019;

- Putative class members' information as to the location where bank accounts were held as of February 25, 2019;

- The number of putative class members who transferred out of the state of California to work for Defendant as of February 25, 2019; and

- Information as to whether Defendant tracked which putative class members worked outside of California while employed by Defendant.

*See* Declaration of Heather Davis in Support of Plaintiff's Renewed Motion to Remand ("Davis Decl.), ¶2.  Defendant provided a list of the putative class members' contact information through discovery and verified the accuracy of such list.  Davis Decl., ¶3, Ex. A.  It also provided information affirming that of the 1,810 putative class members, 1,734 class members withheld California taxes.  Davis Decl., ¶7, Ex. B.  In trying to obtain the additional categories to ensure that the Defendant undertook all efforts to obtain the most recent and accurate residential addresses, the Parties enlisted the assistance of Magistrate Judge Elizabeth Laporte who determined, based on Defendant's representations, that any additional information relating to payroll, taxes, schedules, wage statements, human resources, and/or benefits within Defendant's possession, custody or control would either be irrelevant to the determination of an employee's residence or too burdensome to gather.  Davis Decl., ¶8.

Therefore, the only information relating to the putative class members' residence, working location, taxes, bank accounts, driver's licenses, and employment available to address the issues

of citizenship has been produced by Defendant and provided to Plaintiff was the class list Bates Nos. JurisWM_ADAMS000001-JurisWM_ADAMS000045, the list of transferred employees labeled as "Bates Nos. JurisWM_ADAMS000046-JurisWM_ADAMS000048", and list Bates Nos. JurisWM_ADAMS000049-JurisWM_ADAMS000106 which provided information affirming that 1,734 putative class members withheld California taxes.  Davis Decl., ¶8.

## III.  <u>ARGUMENT</u>

Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).  Once CAFA removal jurisdiction has been established, the party seeking remand bears the burden of establishing that the "local controversy" exception applies. *Allen v. Boeing Co.,* 821 F.3d 1111, 1116 (9th Cir. 2016)*; Serrano v. 180 Connect, Inc.,* 478 F.3d 1018, 1024 (9th Cir. 2007); *Kaufman v. Allstate New Jersey Ins. Co.,* 561 F.3d 144, 153 (3rd Cir. 2009).  A district court makes factual findings regarding jurisdiction under a preponderance of the evidence standard.  A complete lack of evidence does not satisfy this standard. *Mondragon v. Capital One Auto Finance,* 736 F.3d 880, 884 (9th Cic. 2013).

Here, all of the elements for the "local controversy" and "home state" exceptions are readily satisfied.

### A.  The Local Controversy Exception Applies.

Under the local controversy exception, a district court "shall" decline to exercise jurisdiction over a class action if the following conditions are met:

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant--

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each

   defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has

  been filed asserting the same or similar factual allegations against any of the defendants on

  behalf of the same or other persons;

28 U.S.C. § 1332(d)(4)(A)

The local controversy exception is

> 'intended to respond to concerns that class actions with a truly local focus should not be moved to federal court under this legislation because state courts have a strong interest in adjudicating such disputes . . . [A] federal court should bear in mind that the purpose of each of these criteria is to identify a truly local controversy – a controversy that uniquely affects a particular locality to the exclusion of all others.'

*Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1119 (9th Cir. 2015) (citation omitted).

The Ninth Circuit has held that "there must ordinarily be at least ***some facts in evidence*** from which the district court may make findings regarding class members' citizenship for purposes of CAFA's local controversy exception." *Mondragon*, 736 F.3d at 884 (emphasis added). However, "[t]he burden of proof placed upon a plaintiff ***should not be exceptionally difficult to bear***," and "district courts are permitted to make reasonable inferences from facts in evidence...." *Id*. at 886 (emphasis added).

As the party with the burden of proving citizenship, Plaintiff "may rely on the presumption of <u>continuing domicile</u>, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Mondragon*, 736 F.3d at 885. "It is a longstanding principle that '[t]he place where a person lives is taken to be his domicile until facts adduced establish the contrary.' [citations]." *NEWGEN, LLC v. Safe Cig, LLC*, 840 F. 3d 606, 614 (9th Cir. 2016).

The Ninth Circuit in *Mondragon* stated, "numerous courts treat a person's residence as *prima facie evidence* of the person's domicile." *Mondragon*, 736 F.3d at 886 (emphasis added);

*see also Anderson v. Watts*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary...."); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) ("Evidence of a person's place of residence ... is prima facie proof of his domicile."). A complete lack of evidence does not satisfy the preponderance of the evidence standard. *Mondragon*, 736 F.3d at 884. However, "plaintiffs are not required to submit multiple points of data probative of the citizenship of each potential class member." *Walker v. Apple, Inc.*, No. 15-CV-1147 L (BGS), 2015 WL 12699871, at *2 (S.D. Cal. Sept. 17, 2015); *Garcia v. Task Ventures, LLC,* No. 16-CV-809-BAS(JLB), 2016 WL 7093915, at *3 (S.D. Cal. Dec. 6, 2016).

As a general proposition, district courts are permitted to make reasonable inferences from facts in evidence, and that is true in applying the local controversy exception under CAFA. *Mondragon*, 736 F.3d at 886. A "court should consider the 'the entire record' to determine whether evidence of residency can properly establish citizenship." *Id.* at 884, 886 (quoting *Preston v. Tenent Healthsystem Mem'l Ctr., Inc.,* 485 F.3d 793, 800 (5th Cir. 2007) (emphasis added).

      i. <u>More Than Two-Thirds of the Putative Class Members are California Citizens.</u>

Numerous district courts have remanded California wage and hour class actions pursuant to the local controversy exception based on evidence that more than two-thirds of the class members had California addresses. *See generally Garcia*, 2016 WL 7093915 at *4 (holding that evidence supported finding that two-thirds of class members were citizens of California based on sampling that 17.2% of class members' had mailing addresses in California); *Walker*, 2015 WL 12699871, at *3 (holding that local controversy exception applied where evidence demonstrated that approximately 80% of class members' residential addresses were in California); *Serrano v. Bay Bread LLC*, No. 14-CV-01087-TEH, 2014 WL 4463843, at *3 (N.D. Cal. Sept. 10, 2014) (holding that plaintiffs had satisfied their burden based on evidence that 99.7% of the putative class had a mailing address in California when Defendants provided them the information); *cf. Mondragon*, 736 F.3d at 886 (noting that "numerous courts treat a person's residence as *prima*

*facie* evidence of the person's domicile.").

> 1. *Pursuant to Defendant's Verified Class List, Over 94% of the Putative Class Members' Last Known Address is in California.*

Here, all putative class members worked in California within four years of the filing of the complaint up until the date of removal, February 25, 2019.  As <u>verified</u> from the class list provided by Defendant in its jurisdictional discovery responses, Defendant verified that 94.6% of putative class members' last known address is in California.

In response to Plaintiff's special interrogatories, interrogatories 2 (total number of former employees) and 3 (total number of current employees), Defendant verified there are 1,813 putative class members for purposes of this motion.  Pursuant to Special Interrogatory No. 1 and Request for Production No. 1 requesting the contact information of the putative class members, Defendant produced a confidential jurisdictional class list "containing the following information for COVERED EMPLOYEES: name and last known personal address, telephone number, and email address" labeled as Bates Nos. JurisWM_ADAMS000001-JurisWM_ADAMS000045.

From this class list of 1,813 names, three entries were duplicate employees thereby leaving 1,810 putative class members. From the 1,810 putative class members there are 1,714 employees with a California address and 96 employees with a non-California address.  *See* Davis Decl., ¶5. From those 96 employees with a non-California address, Plaintiff was able to determine that 61 of those individuals were transferred to one of Defendant's branches outside California pursuant to Defendant's produced list (Bates Nos. JurisWM_ADAMS000046-JurisWM_ADAMS000048) in response to Plaintiff's Request for Production No. 6 regarding transferred employees.  *See* Davis Decl., ¶6.

Although this evidence may not be meet a "beyond a reasonable doubt" standard that more than two-thirds of the class were California citizens, it certainly supports such a finding using the preponderance of the evidence standard.  *See generally Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986) (noting that the factors relevant to domicile determination include residence and place of employment); *see also Mondragon*, 736 F.3d at 885 (observing "that the party with the burden

of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change"). This is especially true here where Defendant has verified its discovery responses and represented to Plaintiff and this Court that Defendant that any other production is irrelevant and/or too burdensome to undertake.

2. _Based on the Entire Record Before this Court, Over 90% of Class Members Reside in California._

Using the jurisdictional class list labeled as Bates Nos. JurisWM_ADAMS000001-JurisWM_ADAMS000045, on June 4, 2019, Plaintiff sent correspondence to all of the 1,810 putative class members regarding the jurisdictional issue through ILYM Group, Inc. *See* Declaration of Stephanie Molina, Operations Manager for ILYM Group, Inc., in Support on Plaintiff's Renewed Motion to Remand ("Molina Decl."), ¶5. ILYM Group has extensive experience in administering direct mail services and database management. Molina Decl., ¶2. As part of the preparation for mailing, all 1,810 names and addresses contained in the Mailing List were processed against the National Change of Address ("NCOA") database, maintained by the United States Postal Service ("USPS"), for purposes of updating and confirming the mailing addresses before mailing of the Notice. The NCOA contains requested change of addresses filed with the USPS. To the extent that an updated address was found in the NCOA database, the updated address was used for the mailing of the Notice. To the extent that no updated address was found in the NCOA database, the original address provided by Plaintiff's Counsel from the Class List Bates Nos. JurisWM_ADAMS000001-JurisWM_ADAMS000045 was used for the mailing of the Notice. Molina Decl., ¶5.

After updating and confirming the mailing addresses against the NCOA, ILYM Group identified 1,677 of the 1,810 putative class members had California residences. Molina Decl., ¶¶5, 7. Of the 1,810 notices, only 59 notices were returned as undeliverable, none bearing a forwarding address. Molina Decl., ¶8. ILYM Group then performed a computerized skip trace on all 59 returned Notices, in an effort to obtain an updated address for purposes of re-mailing

the Notice. As a result of this skip trace, 29 updated addresses were obtained, and the Notice was promptly re-mailed to those individuals. Molina Decl., ¶8. From the 29 updated addresses, 21 notices using skip trace were re-mailed to a California address. Molina Decl., ¶9. None of the re-mailed notices using the updated address that was obtained using the skip trace were returned. Molina Decl., ¶9.

A total of 30 of the 1,810 notices have ultimately been deemed undeliverable, as no updated address was found notwithstanding ILYM Group's skip tracing efforts. All of the 30 notices that were ultimately deemed undeliverable had a California address. Molina Decl., ¶11. Meaning, of the 1,677 California residences identified on June 4th, at the very least 1,639 (90.5%) residences identified were still valid (1,677 residences minus 8 notices that were re-mailed to a non-California address minus 30 notices that were ultimately deemed undeliverable).

From ILYM Group's experience with similar mailings, the typical return/undeliverable rate is around 10-20%, depending on the nature of the Defendant's business and the type of class that is being certified. Molina Decl., ¶12. Here, assuming *arguendo* that 20% of the 1,677 notices (92% of total class) that were identified as a California residence mailing were undeliverable, there is still a 72% of putative class members with a California address.

In *Serrano v. Bay Bread LLC,* this Northern District Court, found that plaintiff's evidence that 99.7% of the putative class, which was composed of the defendant's employees, had a mailing address in California was sufficient for the plaintiff to meet her burden of establishing the citizenship of the putative class members. *Serrano*, 2014 WL 4463843, at *3. "It would be unreasonable to infer that so many employees would have a mailing address in California but reside or be domiciled in another state." *Serrano*, 2014 WL 4463843, * 3. Here, it would be unreasonable for this Court to infer that over 1,209 (over two-thirds) employees would be traveling back and forth out of California for their employment.

Indeed, Defendant West Marine operates a specialty retailer of boating supplies, gear, apparel, footwear, and other water life-related products. (Dkt. No. 1-2, ¶17.) It would not be unreasonable for this Court to infer that employees that are paid relatively low wages and would

not be incurring the expenses of traveling back and forth out of California for those low wages. *See Bey v. SolarWorld Indus. Am., Inc.*, 904 F. Supp.2d 1096, 1102 (D. Or. 2012) ("In determining whether the requirements of ... the 'home-state controversy' exception have been satisfied, it is permissible for a court to apply common sense and reasonable inferences."). It is no surprise then that the evidence before this Court confirms that 94.3% of current employees reside in California. *See* Molina Decl., ¶10 (Defendant's verified class list confirms there are 522 active employees and 5 leave of absence employees. Of these current employees, 492 who are currently working and 5 employees on a current leave of absence have a confirmed California mailing address.).

Accordingly, the preponderance of the evidence supports a finding that more than two-thirds of the class members were California citizens when the complaint was filed and when the case was removed.

> 3. *Over 95% of the Putative Class Members Withheld California Income Taxes from Their Wages Earned.*

Citizenship can also be established by determining domiciliary intent. Such intent can be inferred from various objective factors such as employment, address shown on driver's license, and payment of state taxes. *See Middleton v. Stephenson,* 749 F.3d 1197, 1201-02 (10th Cir. 2014); *Washington v. Hovensa LLC,* 652 F.3d 340, 344 (3rd Cir. 2011); *Altimore v. Mt. Mercy College,* 420 F.3d 763, 768-69 (8th Cir. 2005); *Acridge v. Evangelical Lutheran Good Samaritan Soc.,* 334 F.3d 444, 448 (5th Cir. 2003).

Amongst Plaintiff's jurisdictional discovery requests, Plaintiff requested documents relevant to domiciliary intent such as wage statements, W-2s, putative class members' drivers license, and list of employees who withheld California income taxes for wages earned.

Defendant refused to produce, or even look for, documents relevant to work schedules showing the putative class members worked in the state of California or driver's license of putative class members which would show an address. Defendant further objected to the production of wage statements and W-2s on the grounds of burdensome and third party-privacy despite the reminder from Plaintiff's counsel of the protective order for this case.

Defendant did produce a list of putative class members who withheld California income taxes from their wages earned (Bates Nos. JurisWM_ADAMS000049-JurisWM_ADAMS000106). This list includes 1,734 out of the 1,810 putative class members who withheld California income taxes. 1,734 out 1,810 is 95.8% of the putative class that withheld California income taxes. Accordingly, at least 95.8% of the putative class members represented domiciliary intent by withholding their California income taxes.

In conclusion, all of the evidence before this Court supports a finding that more than two-thirds of the putative class members are citizens of California. As defined by the Complaint, the putative class was limited to "[a]ll current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class". The last known mailing address for over 94% of class members is a California address.   The likelihood of this percentage being accurate is reinforced by the fact that when a neutral third party administrator sent a jurisdictional notice to all 1,810 putative class members, 1,677 (92%) had a valid address in California.

      ii.   *Defendant is a California Citizen from Whom Relief is Being Sought for Its Violations of California Labor Code.*

Defendant West Marine is a California corporation with its principal place of business in California, making it a citizen of California. [Dkt. No. 1-2, ¶¶5, 7.]  28 U.S.C. § 1332(c).  All putative class members were or are employed by West Marine. Plaintiff's complaint prays for relief and judgment against West Marine for violations of the California Labor Code and for unfair business practices.  (Dkt. No. 1-2.)  Accordingly, the complaint seeks significant relief from West Marine, and West Marine's conduct forms a significant basis for the class claims.  Further, because any injuries suffered by class members arise out of work they did in California, any injuries they suffered in the form of missed meal and rest periods, not getting paid for all hours works, and failure to get reimbursed for business expenses occurred in California.

/ / /

iii. *During the 3-Year Period Preceding the Filing of Plaintiff's Complaint, No Other Class Actions Has Been Filed Asserting the Same or Similar Factual Allegations Against Defendant West Marine on Behalf of Plaintiff or Other Persons.*

Plaintiff is not aware of any other class action having been filed asserting the same or similar factual allegations against Defendant West Marine during the 3 years period preceding Plaintiff's Complaint.

### B.  The Home State Exception Applies.

Under the home state exception, a district court **_shall_** decline to exercise jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).  Because a preponderance of the evidence supports a finding that two-thirds of the class members were California citizens when the complaint was filed and when it was removed on February 25, 2019 as discussed above, and because Defendant West Marine is a California citizen, the home state exception also applies.

## IV.  CONCLUSION

The intent of the local controversy exception is "to respond to concerns that class actions with a truly local focus should not be moved to federal court under [CAFA] because state courts have a strong interest in adjudicating such disputes...."  *Benko*, 789 F.3d at 1119 (citing S.Rep. No. 109–14, 39, 2005 U.S. Code Cong. & Admin. News 3).  While federal courts may not engage in "guesswork" for application of the local controversy exception, the Court is "permitted to make reasonable inferences from facts in evidence."  *Mondragon*, 736 F.3d at 886.  Here, the preponderance of the evidence supports a finding that two-thirds of the class members were California citizens when the complaint was filed and when it was removed on February 25, 2019. As such, both the home state controversy exception and local controversy exception to CAFA apply. Therefore, Plaintiff respectfully requests that this Court remand this case to the San Mateo County Superior Court.

DATED:  July 29, 2019                    **PROTECTION LAW GROUP, LLP**

                                         By:  /s/ Heather Davis
                                              Heather Davis
                                              Amir Nayebdadash
                                              Attorneys for Plaintiff
                                              ADRIANNE ADAMS