UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANNE ADAMS,<br><br>        Plaintiff,<br><br>        v.<br><br>WEST MARINE PRODUCTS, INC.,<br><br>        Defendant. | Case No. 19-cv-01037-VC<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 53 |

      This class action is brought by California workers against a California defendant for claims under California law, and it belongs in California state court.

      The Class Action Fairness Act gives district courts discretion to remand a case if the primary defendants and more than one-third of the class members are citizens of the state in which the action was originally filed. 28 U.S.C. § 1332(d)(3). The case was originally filed in California state court, and West Marine, the primary defendant, is a citizen of California. Dkt. No. 1-2 at 2; Dkt. No. 1 at ¶ 15. So if more than one-third of the class members are California citizens, the Court has discretion to remand the case.[1]

      Far more likely than not, the class exceeds that threshold. The last known addresses of over 90% of class members are in California. *See* Plaintiff's Renewed Motion to Remand at 12. This is not to say that over 90% are California citizens: a mailing address is not a guarantee of residence, and residence is not a guarantee of citizenship. But addresses can serve as evidence of

---

[1] The Court must remand the case if two-thirds or more are. 28 U.S.C. § 1332(d)(4)(B). But since the result here would be the same under either provision, the Court will focus on whether the class meets the lower citizenship threshold of section § 1332(d)(3).

residence, and residence in turn as evidence of domicile. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016); *King v. Great Am. Chicken Corp., Inc.*, 903 F.3d 875, 879 (9th Cir. 2018) (citizenship is established by domicile). Some of the verified California addresses probably belong to people who are not California citizens, or even citizens of the United States. But the class would fall below the citizenship threshold only if the proportion of non-California citizens on that list were greater than 63%.[2] The opposite is more likely to be true. The Court thus concludes, by a preponderance of the evidence, that over one-third of all class members are California citizens. *See Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013) ("A district court makes factual findings regarding jurisdiction under a preponderance of the evidence standard.").

After considering the statutory factors guiding the Court's discretion, the Court declines to exercise jurisdiction over the case. *See* 28 U.S.C. § 1332(d)(3)(A)-(E). The dispute is concentrated in California: the claims all arise under California law; the alleged harms occurred in California; the plaintiff class is composed of California workers; and the defendant is a California company. *See id.* § 1332(d)(3)(A), (B), (D), (E); Dkt. No. 1-2 at 2, 3. There is no evidence that Adams has manipulated the case to avoid federal jurisdiction, nor is there evidence that similar class actions have been filed in the last three years. *See id.* § 1332(d)(3)(C), (F). So, in the interests of justice, the case is remanded to San Mateo County Superior Court.

**IT IS SO ORDERED.**

Dated: October 7, 2019

VINCE CHHABRIA
United States District Judge

---

[2] Although 94.6% of the addresses on West Marine's list are California addresses, Adams has offered a more conservative estimate of 90.5% based on her tracing efforts. *See* Dkt. No. 53 at 10, 12. Assuming the 171 non-verified addresses belonged to non-California citizens, more than 1035 of the 1639 verified California addresses (or about 63%) would also have to belong to non-California citizens for the class to fall below the one-third threshold.